UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-Seitz/Garber

UNITED STATES OF AMERICA,

v.

JEFFREY BASS, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE was before the Court for hearing on February 21, 2001 on the government's Motion to Disqualify Attorney Lather R. Gene, counsel of record for the defendant Jeffrey Bass. The Court has received Mr. Gene's response in opposition to said motion. For reasons set forth below the Court shall grant the government's motion.

Mr. Gene was an attorney with the Department of Justice Strike Force in Brooklyn, New York and was transferred to the Miami Strike Force and placed in charge of the Fort Lauderdale Field Office of the Miami Strike Force. Subsequently, following the merger of that Strike Force with the United States Attorney's in the Southern District of Florida, he remained as an assistant until his departure from that office in 1997.

The defendant Bass, in the indictment now before this Court, has been charged as being part of an organized crime family's (Trafficante family) illegal activities including a RICO conspiracy, illegal interstate gambling activity, and money laundering conspiracy involving money obtained from unlawful activities. Such activities, it has been alleged, were directed by co-defendants Steve Raffa and John Mamone, alleged to be members of the Trafficante family. Accordingly, as part of necessary proof in the case against Bass and the others it is necessary for the government to establish the existence of the RICO enterprise. The government has asserted that it shall rely upon the testimony of one Louis Maione and others.



Mr. Gene had previously authorized consensual recordings to be made by Louis Maione, debriefed Maione, and subsequently recommended that he be placed in the Witness Protection Program. Maione recorded a meeting among one Raffa, Mamone, and Corrao, alleged to have been a member of the Gambino crime family. The government asserts that it will use said tape in its efforts to establish the existence of crime families in regard to the RICO charges. It is no great leap to believe, from all of such activity by Mr. Gene, that he gained relevant information about Maione and others that could be utilized in this cause upon the cross-examination of Maione. It is of no great import that Maione does not have information directly relating to Mr. Gene's client, Bass.

Maione's assistance resulted in an indictment in 1996 of members and associates of the Gambino crime family charging, as a predicate act in the RICO conspiracy count, that the defendants conspired to murder Maione. Such indictment was signed by Mr. Gene on behalf of the government.

Maione's entry into the Witness Protection Program was initiated by Mr. Gene, who necessarily became aware of Maione's background and undoubtedly confidential information pertaining to him. This fact, considered together with Mr. Gene's use of Maione for consensual recordings and as an undercover witness in the earlier indictment involving the Gambino crime family, make it clear to the undersigned that he cannot remain as counsel in the cause *sub judice*.

Notwithstanding Mr. Gene's assertions that the Gambino indictment is not "inextricably intertwined" with the indictment in this cause, the Court finds to the contrary. The common thread in both indictments is the alleged existence of the criminal enterprises upon which the RICO charges are predicated. Maione has played a significant role in that regard. Such fact mandates that a former Assistant United States Attorney (Gene) must be disqualified from representing Bass in these proceedings. United States v. Smith, 995 F.2d 662, 675-76 (7th Cir. 1993); United States v. Ostrer, 597 g.2d 337 (2d Cir. 1979).

The Florida Bar, through its disciplinary rules, addresses the principle that an Assistant United States Attorney must be disqualified when he personally participated in an investigation that is inextricably intertwined with pending prosecution. Florida Bar Rule 3-1.11 provides in part that:

> A lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless that appropriate government agency consents after consultation.

Mr. Gene's participation in the Gambino matter, through the use of Maione, results in its being inextricably intertwined with this cause.

Bass's right to an attorney of his choice, as guaranteed by the Sixth Amendment, is not absolute. He does not have a right to an attorney who had a pre-existing relationship "with an opposing party, even when the opposing party is the government." Wheat v. United States, 486 U.S. 153, 159 (1988).

This Court is also concerned about the public's confidence in the integrity of our judicial system. The continued participation of Mr. Genge, because of his prior involvement and ability to have gained confidential information about a key government witness, Maione, and his participation in the present case might well erode the public's confidence in our judicial system. Ostrer, *supra*; United States v. Miller, 624 F.2d 1198, 1202-03; United States v. Uzzi, 549 F.Supp. 979 (S.D.N.Y. 1982).

Accordingly, and for the foregoing reasons, it is hereby

ORDERED that the government's Motion to Disqualify Attorney Lather R. Gene is GRANTED and he is relieved of any further responsibility in this cause. It is further

ORDERED that the defendant Jeffrey Bass shall retain new counsel who shall file an appearance in this cause on or before 20 days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 26th day of February, 2001.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Seitz
Counsel of record

3