UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.



JOHN MAMONE,
 a/k/a "Big John,"
FRED MORGENSTERN,
DAVID MORGENSTERN,
JOSEPH SILVESTRI,
JULIUS BRUCE CHIUSANO,
MICHAEL BUCCINNA,
 a/k/a "Michael Boots,"
JEFFREY BASS,
 a/k/a "the Professor,"
FREDERICK SCAROLA,
GUISEPPE BELLITTO,
 a/k/a "Joe Baldy,"
MARK CARATTINI,
PAUL DIFILIPPI,
ANSON KLINGER,
JOSEPH SPITALERI,
CHARLES CLAY,
PEGGY PRESTON,
MARK WEISS,
JACOLYN BARUCH, and
DAVID BELL,

    Defendants.
_____/

<u>Order Partially Relaxing Prior Freeze Orders to Allow David Morgenstern and Fred Morgenstern To Use All Funds Available To Them, That Are Not Related To The Facts Underlying the Criminal Indictment in the Matter, To Pay Funds for Investors, Civil Penalties and Special Master Administrative Costs In Civil Action Case No. 98-7044-Civ-Seitz/Bandstra</u>

The U. S. Securities and Exchange Commission (hereinafter "SEC" or "Commission") and defendants David Morgenstern, Fred Morgenstern and Amquest International, Ltd. are parties in a securities fraud civil action in this Court entitled <u>SECURITIES AND EXCHANGE COMMISSION v. DAVID MORGENSTERN, FRED MORGENSTERN, BERNADETTE STEVENS AND AMQUEST INTERNATIONAL, LTD.</u>, Civil Action File No. 98-7044-CIV-Seitz/Bandstra ("the civil case"), in which a final judgment was entered on October 18, 2000. This Court's final judgment in the civil case ordered in relevant part that defendants David Morgenstern, Fred Morgenstern and Amquest International, Ltd. pay the court appointed Special Master Jack Stein the sum of $3.75 million plus administrative costs to thereafter allow the Special Master to conduct a pro-rata distribution to the investors in that matter, and that each pay a $20,000 civil penalty to the United States Treasury, and that the defendants pay administrative costs of the Special Master.

This Order follows an April 17, 2002 hearing before the Court, in the civil case, which focused on the abilities of the defendants Morgensterns to pay the Special Master the amounts they agreed to pay, in full and final settlement of the civil case. This order is designed to allow a partial release of the freeze imposed by this Court's October 27, 2000 "Protective Order Under Seal" (the "freeze order") in this matter which seeks to prohibit the disposition or transfer of various assets including $34,200,000 in United States currency, and all related freeze orders entered in this court which followed that freeze order.

It is the Court's intent and purpose, in the issuance of this Order, to remove certain impediments which defendants David Morgenstern and Fred Morgenstern contend exist to prevent their payment compliance in the civil case, by virtue of prior freeze orders in this

criminal matter. All funds which are under the control of David Morgenstern and/or Fred Morgenstern, wherever situated, that were not derived from the facts giving rise to the criminal indictment in this matter, shall not be subject to the Court's prior freeze orders.

IT IS HEREBY ORDERED that Defendants Morgensterns are not precluded by the orders issued in this action from undertaking to pay the Special Master in the civil case, from all funds under their control wherever situated, which did not come into their possession as a result of the facts giving rise to the indictment in this criminal action. Any impediment to the Morgensterns' immediate payment to the Special Master in the civil case, which they contend exists by virtue of the entry of prior orders of this Court, are hereby dissolved as to all funds controlled by the Morgensterns which were not derived from the facts underlying the criminal indictment in this matter.

To that end, the Morgensterns are not precluded from using "non-Mamone" funds[1] from domestic or extra-territorial accounts to pay their judgment in the civil case. Any funds however, even remotely related to the Mamone matter are subject to the Court's earlier freeze orders. Should David Morgenstern and/or Fred Morgenstern have any question as to whether specific funds under their control are "non-Mamone" funds, this Court will upon motion set a hearing and/or set a briefing schedule and thereafter determine whether the funds claimed to be unaffected by the freeze orders of this Court are Mamone or "non-Mamone" funds.

DONE and ORDERED in Miami, Florida, this 3rd day of May, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: attached service list

---

[1] For purposes of this order, "non-Mamone" funds includes all monies of the Morgensterns obtained from sources other than the individuals which are named in the caption above, or from the facts giving rise to the indictment in this matter.

Service List: Case No. 98-7044-CIV-Seitz

Edward G. Sullivan, Esq.
Securities and Exchange Commission
3475 Lenox Road, NE Suite 1000
Atlanta, Georgia 30326-1232

Jeffrey A. Winikoff, Esq
Counsel for Jack Stein, Special Master
Stein, Rosenberg & Winikoff, P.A.
4875 N. Federal Highway, 7th Floor
Ft. Lauderdale, Florida 33308

Laurie Bolch, Esq.
Counsel for Defendants Morgenstern & Amquest
2260 N. Dixie Highway
Boca Raton, Florida 33431

Brian McCormick, Chief AUSA
United States Attorney's Office
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394

Steven Katzman, Esq.
Counsel for Bernadette Stevens
Katzman, Wasserman & Bennardini
7900 Glades Road, Suite 140
Boca Corporate Plaza
Boca Raton, Florida 33434

James Pavlock, Esq.
Trial Attorney, Civil Division
U.S. Department of Justice
1400 New York Avenue, NW
Bond Building, 10th Floor
Washington, D.C. 20005