UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO. 00-6309(S)-CR-SEITZ

Plaintiff,

vs.

JEFFREY BASS,

Defendant.
_____/

### JEFFREY BASS'S MOTION FOR (1) EARLY TERMINATION OF PROBATION OR IN THE ALTERNATIVE (2) TO CONVERT THE REMAINDER OF HIS PROBATION TO NON-REPORTING

Jeffrey Bass, pursuant to 18 U.S.C. §3564(c),[1] seeks an order terminating the remainder of his probationary period; or in the alternative converting the

---

[1] / 18 U.S.C. §3564(c) states, in part:

> The Court, after considering the factors set forth in [18 U.S.C.] section 3553 (a) to the extent they are applicable, may, pursuant to the Federal Rules of Criminal Procedure... relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time ... after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Bass was convicted of a felony and has been on probation for approximately eighteen months.

Case No. 00-6309(S)-CR-SEITZ

remainder of his probation to "non-reporting."[2]

## BACKGROUND

On June 11, 2002, Jeffrey Bass was sentenced to a four year probationary period; required to pay a $10,000 fine and a $100 assessment; and to perform 300 hours of community service "over the period of supervision . . . ."[3] Bass was also required to "participate in an inpatient or outpatient mental health treatment program as directed by the . . . Probation Office directed to [his] gambling addiction [and to] attend Gamblers Anonymous on a weekly basis under the direction of [his] probation officer." Sentencing Transcript at 24.

Finally, the Court told Bass that

> If all of the terms and conditions have been complied
> with in an exemplary fashion, the fine is completed, the

---

[2]/ Federal Rule of Criminal Procedure 32.1(c) allows the Court to modify a condition of probation without a hearing if "the relief sought is favorable to the [probationer] and does not extend the term of probation . . . and counsel for the government does not object." Bass is not seeking a hearing on this motion (none is required) and the government (Assistant United States Attorney Brian McCormick) does not object to Bass's request to modify his probation to "non-reporting" but <u>does</u> object to an early termination.

[3]/ On October 2, 2001, Bass pleaded guilty to conducting an illegal gambling business, 18 U.S.C. §1955. At his sentencing in June 2002 the government filed a motion to depart downward from the Sentencing Guideline Range and recommended that Bass be sentenced to a period of probation.

2

Case No. 00-6309(S)-CR-SEITZ

> community service has been completed, the Court will entertain an early termination after three years of probation.

Sentencing Transcript at 25.[4]

Since he was placed on probation, Bass has paid the $10,000 fine and the $100 assessment; performed all three hundred hours of community service; and has received and completed outpatient counseling for his gambling problem.[5] Bass continues to attend Gamblers Anonymous and maintains steady employment though his company, "A Roofing Specialist."[6]

According to Bass's probation officer Terry Levix, Bass has had no problems during his probationary period in both his professional and personal life; and he maintains a close and supporting relationship with his family, wife Harriet and two children, sixteen-year-old Shaina and five-year-old Brandon.

## WHY THE MOTION SHOULD BE GRANTED

Bass is seeking an early termination of his probation or to modify it to non-

---

[4] Bass realizes that he is "jumping the gun" by eighteen months, on the Court's early termination statement.

[5] Probation Officer Karen Anderson supervised the mental health portion of Bass's probation.

[6] Bass has been in the roofing business since 1979 and has owned "A Roofing Specialist" since 1997.

Case No. 00-6309(S)-CR-SEITZ

reporting, not because his conduct since he was placed on probation has been unblemished - - that is what is expected of him - - but because he has proven, through his exemplary conduct that active supervision is no longer required and an early termination, or a modification to non-reporting, would serve the interest of justice.

## THE GOVERNMENT'S POSITION

Both Assistant United States Attorney Brian McCormick and United States Probation Officer Terry Levix oppose Bass's motion to terminate his probation; but do not oppose his alternative request to modify the remainder of his probationary period to non-reporting.

Respectfully submitted,

MICHAEL TARRE, P.A.

*(signature)*

Michael Tarre

One Biscayne Tower, Suite 3700
Two South Biscayne Boulevard
Miami, Florida 33131
(Florida Bar No. 106193)
Telephone: (305) 372-0774
Facsimile: (305) 372-1589
Counsel for Jeffrey Bass

MICHAEL TARRE, P.A.
ATTORNEY AT LAW
TWO SOUTH BISCAYNE BLVD
SUITE 3700
MIAMI, FLORIDA 33131

305 372-0774

4

Case No. 00-6309(S)-CR-SEITZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Jeffrey Bass's Motion for Early Termination of Probation was mailed to:

> Assistant United States Attorney Brian McCormick
> 500 East Broward Boulevard, Suite 700
> Ft. Lauderdale, Florida 33394
> Telephone: (954) 356-7255
> Facsimile: (954) 356-7336; and

> United States Probation Officer Terry Levix
> 299 East Broward Boulevard, Suite 469
> Ft. Lauderdale, Florida 33301

on January 6, 2004.

_____
Michael Tarre

MICHAEL TARRE, P.A.
ATTORNEY AT LAW
TWO SOUTH BISCAYNE BLVD
SUITE 3700
MIAMI, FLORIDA 33131

305 372-0774

5