# United States District Court
## Southern District of Florida
### MIAMI DIVISION

FILED by ___ D.C.
APR 2 8 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES OF AMERICA

JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

v.

Case Number: 00-6309-CR-SEITZ/007

**JEFFREY BASS**

Counsel For Defendant: Michael Tarre, Esq.
Counsel For The United States: Brian McCormick, AUSA
Court Reporter: David Ehrlich

The Court finds the defendant has violated the terms and conditions of supervised release and hereby revokes supervised release.

| VIOLATION NUMBER | NATURE OF VIOLATION | DATE VIOLATION CONCLUDED |
|---|---|---|
| 1 | Failing to submit a truthful and complete written monthly report by not reporting any winnings at casinos. | January - May 2003 |
| 2 | Failing to abstain from gambling as evidenced by his 2003 IRS forms for gambling winnings. | 2003 |
| 3 | Failing to abstain from gambling by Defendant's admission in 2004 that he gambled at casinos on at least two separate occasions. | 2004 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Deft's U.S. Marshal No.: 55528-004

Date of Imposition of Sentence:
April 27, 2005

_[signature]_
PATRICIA A. SEITZ
United States District Judge
April 28, 2005

DEFENDANT: JEFFREY BASS
CASE NUMBER: 00-6309-CR-SEITZ/007

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE DAY, TIME SERVED.**

DEFENDANT: JEFFREY BASS
CASE NUMBER: 00-6309-CR-SEITZ/007

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JEFFREY BASS
CASE NUMBER: 00-6309-CR-SEITZ/007

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in the Home Detention Electronic Monitoring Program for the months of May, June, August and September of 2005. During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding", "call waiting", a modem, "caller ID", or "call back/call block" services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. Probation Officer. In addition, the defendant shall pay costs of electronic monitoring at the current rate.

The defendant shall reside at and participate in the Community Corrections Center for the month of July 2005.

The defendant is prohibited from any form of gambling, legal or illegal, or through third parties or nominees. Furthermore, the defendant is not to frequent places where gambling of any type, legal or illegal is conducted.

The defendant shall participate in an approved inpatient/outpatient mental health treatment program, as directed by the U.S. Probation Office. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

The defendant is prohibited from associating with or visiting specific places where individuals or groups, such as organized crime figures, documented members of organized crime families, terrorists, or members of organizations advocating violence, are known to be or frequent.

The defendant shall attend gambler's anonymous at least three times a week, under the direction of the Probation Office.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.